22-1117 Ward v. Acuity. Ms. Hagen for the appellant. And are you splitting time with Mr. Eisner? I am not, Your Honor. You may proceed. Thank you, Your Honor. May it please the Court. Good morning, Your Honors. My name is Sandra Hagen, and I, along with my co-counsel Zach Eisner, represent Kevin Ward, the appellant in this matter. This is an important case to Colorado workers. For decades, they have been entitled to benefits under both the Workers Compensation Act, as well as uninsured motorist coverage when injured by third parties in the course of their jobs. This case presents an opportunity for this Court to examine the Colorado's uninsured motorist statute and illuminate how they work in harmony with each other to provide benefits to both the employers who pay premiums to protect their employees and the people that they employ who benefit from those coverages. You've asked us to certify this to the Colorado Supreme Court. Could you just comment on that? And I take from that that your position is that we're looking at an issue of first impression here in the Tenth Circuit. Correct, Your Honor. This is a novel matter. We did request certification because it deals with particularly two statutes that were, excuse me, two Colorado statutes and how they work together and getting to the intent of the legislature with those particular statutes. Furthermore, Colorado case law has sort of laid a groundwork for how this case should be resolved. So while it is novel, there is sufficient Colorado law to make a decision. You did not ask for certification below, did you? I'm sorry? You did not ask for certification below? In the district court level? Yes. No, Your Honor. Sorry about that. That's important. We aren't quite so disposed to certify when it comes only at the first time after the trial and is up here. And then the other concern is your statement that Colorado law does answer the question. And we, of course, certification would have to say that it doesn't. Now you think it answers it your way. I think it may answer it his way. But still, that's another problem. But proceed. Okay. Thank you, Your Honor. Kevin Ward was injured by a hit and run driver while he was on the job for his employer Pacesetter. He was driving a Pacesetter truck at the time of the collision and suffered injuries as a result. He received benefits under the Workers' Compensation Act and made a claim for benefits under Pacesetter's uninsured motorist policy with acuity. During litigation, acuity moved for summary judgment which the district court granted based on the court's interpretation of the exclusion policies and immunity afforded by the Work Compact. The district court order in this matter should be reversed. In this matter, the Work Compact and the uninsured motorist statute can and should be read harmoniously to provide benefits to Colorado's injured workers because acuity is neither an Further, Kevin Ward is legally entitled to recover damages from the Is the question whether acuity is the employer or insurer? Or is it the question whether Pacesetter is? I mean, acuity is, is simply insuring particular people, beneficiaries. Correct. So under the Work Compact, under 841-102, the language notes that nor shall an insurer or the insurance carrier, if any, using the employer's liability under said articles be subject to any liability. The argument here, Your Honor, is that the employer is Pacesetter and the insurance carrier is Pinnacle under said articles of the Work Compact, not acuity. Acuity is the automobile insurer. It is not protected by the immunity. Acuity's argument is that they get to step in the place of Pacesetter and that is not what the Compact states. Why doesn't Reiser seems to indicate that the Colorado Supreme Court believe that the, you know, interplay between workers comp and uninsured motorists facility, or required that, that in the Reiser facts, I understand that Paul, the motorist policy was of a co-employee. Here, here's not a co-employee, but it's actually the employer. Why wouldn't the same arguments that the court adopted in Reiser apply to the fact pattern here and the fact that Pacesetter, you know, to its credit, obtained a motor vehicle policy that would protect other individuals in a vehicle besides employees? You know, it just seems like we have kind of the same issue here. That's what, that's what Judge Arguello concluded. And how do you, how do you respond to that? Well, Your Honor, because this suit was never brought against Pacesetter. It was brought against acuity. Mr. Ward was a covered person and he was driving a covered vehicle at the time of the collision. Who the tortfeasor is, is important in this case. Because of the third party tortfeasor, Mr. Ward has a legal right to recover damages from that tortfeasor. No suit is brought in tort against Pacesetter. What this is, is a first party contract claim between Mr. Ward, a beneficiary of the acuity policy, and acuity. Was he, was he entitled to recovery from his own auto insurance? Under Colorado, I'm sorry, Your Honor, under Colorado case law, yes, he would be. However, he did not carry his own uninsured motorist policy. He was driving Pacesetter's truck. And so Pacesetter's policy, covering that truck, is the insurance policy that he is a beneficiary of in this matter. Can I ask a follow up to Judge Timkovich's question about Reiser? In Reiser, I want to make sure I'm not misunderstanding, the co-employee was the tortfeasor. If that's correct, as I understand your argument, distinguishing Reiser, the tortfeasor in Reiser would have enjoyed immunity under the workers' comp statute. Whereas here, it's the same situation as in Michael. The tortfeasor is not subject to immunity, as the co-employee was in Reiser. It was a third party. Is that your argument? That's absolutely correct. Is there any evidence of why the employer purchased this unemployment, uninsured motorist policy? And I just want you to address the record, whether it did so for the benefit of its employees, in part, or whether it was strictly some concern it had for its own Working on Reiser, and again, there's two things that I think are key here. First is the identity of the tortfeasor. Because it is a third party tortfeasor, even Reiser notes that McMichael doesn't change the operation of how they ruled because it was a co-employee versus a third party. So if you were to look at it as, say, two circles, you've got the Reiser circle. Everything happens within the circle. The work comp carrier, the employer, and the employee and the co-employee who injures him. That injury happens within the circle. The Ward circle is different because you have Pinnacle, you have Pacesetter, you have Kevin Ward, but you have the uninsured hit-and-run driver who causes the injury, thus implicating the first party benefit, contractual benefit, of Pacesetter's insurance policy with acuity. Pacesetter's paid premiums into the workers' comp system for the protection of its employees. So it gives, the state's required it to give up certain defenses and advantages that it might have. And then it goes out and pays additional premium for an uninsured motorist policy. And it seems like if we accept your argument that acuity is liable, that's going to affect the cost of the policy for Pacesetter. It's going to presumably increase premiums because there's going to be a larger pool of potential applicants. And why isn't that a downstream effect that the workers' comp immunity was designed to prevent? I understand your identity, the tort-feasor argument, but that was an important factor in Reiser. And why isn't that principle the same even though the tort-feasor is a non-employee? Your Honor, because UM benefits and work-comp benefits are not the same. Work-comp benefits only offer a limited amount of benefit to the employee. They don't cover non-economic damages. They don't cover pain and suffering. They don't cover a full wage loss. The uninsured motorist benefit does provide for all of those damages that the injured worker would have against the third-party tort-feasor. So acuity stands in the shoes of that third-party tort-feasor. Employers have been paying these policies, and these policies have been paying out for the last 50 years. But once Reiser was decided, Colorado insurers have been, excuse me. Do you think if we accept liability for acuity that's going to deter employers like Pay Center from buying these types of policies? It hasn't in the past, Your Honor. These policies have routinely paid out in the past. Only once Reiser came out did the insurers now across Colorado seek to broaden the language of the Work Comp Act to deny any non-work comp coverages, no matter what the employer's intent is, to deny these workers these benefits. I was a little, I couldn't understand why the emphasis that there was two different insurers here. There was Pinnacle and Acuity. It's not obvious to me it would have mattered if Acuity had been the only insurer, but gave two separate policies. One worker's comp policy and a separate policy for uninsured motorists. Wouldn't the result be the same? I mean, does it really matter that we had a separate insurer? I think you may argue it makes your case stronger, but I'm not quite sure legally it's very significant. Sure. And it goes back, Your Honor, to the two different policies covering two different things. The McMichael Court specifically noted that work comp benefits are not the same as uninsured motorist benefits. And when I was talking about the Colorado law that kind of lays the foundation, the Furthermore, it's noteworthy that the other cases or other Supreme Courts in the Tenth Circuit do allow injured workers, injured by third party tort feasors to recover both work comp benefits as well as uninsured motorist benefits. Oklahoma, Wyoming, Utah, all of these jurisdictions allow for both of Can I ask you one? I don't want to take you afield, but I just have one, I think, quick question, and I think it calls for a quick answer. I just really didn't under, I wasn't sure on a completely unrelated issue about the public policy bar to the enforcement of the exclusions. As I understand your exclusions do facially apply, but arguing that they are unenforceable. I did not read your opening brief to say that those exclusions, if you read the language, don't fit this situation. Your Honor, the argument that we made was that those provisions are unenforceable because they do violate Colorado But you're not contesting the applicability, you're contesting the enforceability. Is that right? The applicability and enforceability, I distinguish in my mind, maybe incorrectly. Okay, and I guess I would answer that it is our opinion that those exclusions should not be in the policy because they don't comport with Colorado public policy. And I'd like to reserve what remaining time I have. Thank you. All right. Ms. Payne. Good morning, your honors, and may it please the court. My name is Erika Payne and I'm counsel for the Applee, in this case, Acuity Insurance. With me at counsel's table today is my colleague, Amy Tuohy. I'll be the only one presenting arguments today. A moment ago, Judge Timkovitz asked counsel for Mr. Ward, why wouldn't the same arguments adopted in Riser v. Shelter apply to the instant case? And, your honors, I submit that that question is at the very heart of this case. Should we let the Colorado Supreme Court answer that question? No, your honor, that's not necessary. In diversity cases such as this one, this court's mandate is to decide questions of Colorado state law as it believes the state's highest court would decide them. And in this case, we have law from the state's highest court basically drawing a direct correlation between the employer's insurer and the employer for immunity purposes under the Workers' Compensation Act. You're not asking that we say that Riser is bad law? No, your honor. That might really require, if we were to say that the Court of Appeals of the state had bad law, that might be a stronger argument for certification. You're saying it's simply distinguishable. No, your honor. What I'm saying is that Riser applies here. The district court recognized that the Colorado Supreme Court decision in 2021 of Riser actually was analogous to this situation that we have here. Well, I guess it's a conflict between an interpretation of Riser and McMichael. And Mr. Ward staked out this third-party non-employee tortfeasor as the decisive interpretive line that we draw. Why isn't this case closer to McMichael? And it looks like there's a split down in the District of Colorado on this issue. Why isn't this case closer to McMichael and distinguishable from Riser for that reason? Sure. First of all, I would say that McMichael was a Colorado Supreme Court case, but that was decided in 1995. And since then, Colorado courts have issued multiple decisions that undermine Mr. Ward's position that McMichael is dispositive here. Decisions by the Colorado Supreme Court? Yes. Specifically Riser as the most recent one. And in Riser, Riser has explicitly stated that because McMichael didn't address the interplay between workers' comp and UMUIM, it is not dispositive of the issue of Workers' Compensation Act immunity here. And they specifically said, we don't agree that our discussion of the UMUIM coverage issue in McMichael is dispositive of the WCA immunity issues before us here. Nor would it, because in McMichael, the court had before it 841-203-1A, which specifically says that the Workers' Compensation Law would insulate the employer and those that are immune under the Workers' Compensation Statute, but that the insured may also pursue a claim against other persons to recover damages in excess of said articles. That was not true in Riser, because the tortfeasor would have enjoyed immunity under the Workers' Compensation Statute. So I guess maybe I'm looking at it too simplistically. I really don't understand the tension between Riser and McMichael. They're completely different situations. Riser cannot be squared, if the tortfeasor had been a third party, under 841-203-1A. Your Honor, that is correct. I also see those two cases as sort of apples and oranges because they were addressing different issues. And, you know, in McMichael, the Colorado Supreme Court never addressed immunity under the Workers' Compensation Act, and I think that's the critical distinction, that and the fact that Riser, when Riser was thinking about co-employee immunity under the Act, in the same breath said, oh, well, the employer is also immune and the employer's insurer is immune. If there had been no U.M. coverage, do you acknowledge that Ward was insured under the U.M. policy? Your Honor, that actually brings me to a point that Judge Ebell brought up that I want to address. Well, I will let you address whatever points you want to make, but as long as you answer my question, if he wasn't insured. Your Honor, he would be under certain circumstances, and those are the examples that I'd like to give. Okay. For example, first we have to keep in mind that the company we're talking about here, Pacesetter, is a division of AAA Colorado, which means they are a roadside assistance company. When you think about roadside assistance, you think about someone stranded on the side of a road. In their car, maybe. Maybe they've left their car. But then roadside assistant comes along. Where does that stranded person go? Often they go into the roadside assistance vehicle because that's the one that's working. So the first example is a passenger in a company car. Mr. Ward obviously would not necessarily be covered in that situation. Non-employees who have permission to drive a company car. Employees who are allowed to use the company car for non-work purposes who would not be entitled to worker's comp if they got into an accident or injured while driving that car. Say you have use of the company car, and for personal use, you take your kid to a soccer game on a Sunday, you get into an accident. That's a situation in which Mr. Ward would have been covered. Now, have you argued to us in your brief that he was not insured under the U.N. policy? Yes, Your Honor. Tell me where you argued that. You know, I don't recall off the top of my head. That's all right. I apologize. But yes, the thrust of the argument is that he's not, Mr. Ward is not covered under the policy in this situation because he is entitled to and did receive worker's compensation benefits. And pursuant to the plain language of the Worker's Compensation Act, worker's comp is the exclusive remedy for employees from employers who comply with the worker's compensation. How do you square that with 841-203-1A, which I think says exactly the opposite with regard to the torts committed by third parties? Yes, Your Honor, that is, the worker's compact is the exclusive remedy, though. I'm not sure. It says may also pursue a remedy against the other person to recover any damages in excess of the compensation available under said article. Sure. And, Your Honor, to me, that means that's where UMUIM comes into play. Right. That is right, but that doesn't mean that he's entitled to seek UIM benefits under the acuity policy. What that means is that third-party tortfeasor, he'd be entitled to seek benefits from that person. We don't know who that person is, which leaves us in a bit of a pickle. So he could have sued the third-party tortfeasor, and even though on its face, if you put aside the worker's compensation exclusivity statute, he would have been an authorized driver under the policy, under the pay center policy. You're saying even though he could have sued the third-party and the employer had coverage that would have allowed him to get excess coverage against the third-party, he nevertheless couldn't use the policy to get what he could have recovered if he had sued individually. That's correct, Your Honor. Part of the purpose of the UMUIM statute is to encourage motorists to obtain UMUIM insurance for this very reason, and that statute makes such UMUIM coverage optional. So as Mr. Ward's counsel previously mentioned, Mr. Ward opted not to obtain UMUIM insurance. How do we know the pay center, going back to Judge O'Dell's earlier question, I think, to one of the counsel, how do we know that pay center's intent was not to do exactly what the policy said that it was doing, and that is to provide an added benefit to its employees to provide not only worker's compensation coverage, but also the benefit of UM coverage? Well, we know that the intent was not to provide UMUIM in this situation because of the contract exclusion in the acuity policy. That policy was entered into, it's a contract, and it was entered into by acuity and pay center, Mr. Ward's employer, and they both agreed, acuity and pay center both agreed on this exclusion, which says if you are eligible for worker's comp benefits, you are not eligible for UM benefits under this policy. Yeah, you, oh, excuse me, go ahead. I'll not answer. Does that answer your question? What's the purpose of those exclusions? Is there, I mean, does it allow a lesser premium benefit for pay center? I mean, I do think you have a problem with the public policy argument in Colorado, but setting that aside, what's the purpose of the exclusion? Your Honor, the purpose of the exclusion is to mirror the worker's compensation act's exclusivity provision, which specifically says that the worker's compensation act and the benefits you can get there under are the exclusive remedy against the employer. They haven't argued it, but isn't it a fact that the first exclusion was the exact same exclusion that McMichael, that in McMichael, the Colorado Supreme Court said does not apply because the tort feeser was a third party. And so you're saying, you're saying, well, we have these exclusions and that shows that pay center didn't have that intent. Well, the Colorado Supreme Court said exactly the opposite of McMichael, said that this policy, even though they haven't argued it, doesn't even apply because the tort feeser was a third party. Right? Well, Your Honor, in McMichael, I think that the issue was that the liability portion of the policy and the group of people, they, they only, the liability portion of the policy covered more people, more individuals or more vehicles than the UMUIM provision. And I believe in McMichael, the issue was, well, that can't happen because UMUIM needs to be applied to just as broad of a category of individuals as liability does. Your Honors, I wanted to, in, in the limited time I have left, I wanted to urge the court to also consider that although the district court did not address the issue, the exclusion in the, the workers' comp exclusion in the acuity policy is valid and enforceable truly because it mirrors the intent and language behind the workers' compensation act. And although the district court did not reach this issue, it can and should be decided by this court because a federal appellate court may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented on appeal. But you, you think, but the argument was raised below. The argument was raised below, but it was not. And you're arguing this was a purely legal argument that we shouldn't remand for factual determinations by the district court. Correct, Your Honor. The recent Colorado or Colorado court appeals case of Del Valle versus California casualty shows how Colorado courts are seeing issues such as the exclusion in this case. And Del Valle found that if, if a coverage is optional, it can't be statutorily mandated and therefore can't be diluted and therefore can't be considered to be against public policy. And that's exactly the situation that we have here with the UMUIM exclusion that that coverage is optional and may be declined. And so therefore it can't be diluted. And so therefore it cannot be against public policy. In conclusion, the intent of the Colorado legislature is unambiguous that the workers' compensation act is meant to be the exclusive remedy for injured employers, employees, excuse me. Allowing Mr. Ward to recover under paysetters policy, paysetters acuity policy would not only erode the policy behind the workers' compensation act, but would also undermine the policy behind the UMUIM statute by discouraging employees from purchasing such coverage of their own. We rest our case on our brief. There's all kinds of benefits to having your own policy. I mean, you get injured for something completely unrelated to your work outside of your job. So, I mean, I'm not sure that that's a very strong public policy argument by you, but go ahead. Well, thank you, your honor. We rest our case on our briefs and argument and ask that the court uphold the district court's decision. Thank you, counsel. And then we have some rebuttal time for Ms. Hagan. Thank you, your honor. Kevin Ward was provided liability coverage as a permissive driver under the acuity policy. Therefore, under section 10, 4, 6, 0 9, the UIM statute, acuity is required to offer uninsured motorist coverage to a class as broad as the class covered by the liability policy. In effect, acuity steps in the shoes of the tortfeasor. And as judge Bacharach noted, the riser case doesn't change anything about the McMichael case. The McMichael case is the case that is more akin to the facts that we have in this scenario. Colorado workers have historically provided benefit, both work comp and U benefits in the scenario presented here. It's court's decision in this case,  The statutes here are clear. They are unambiguous and they support acute. They neither support acuity's argument or the district court's order in this case. As such, Kevin Ward respectfully requests that this court reverse the district court's order for summary judgment. And we may have the case for further proceedings. Thank you. Thank you, counsel. Your time is expired. Counsel are excused and the case will be submitted.